UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| SHERIKA HADLEY, et al., Individually and on behalf of themselves and all others similarly situated; | ) ) ) ) | |
| Plaintiffs, | ) ) | 4:23-CV-23-KAC-MJD |
| v. | ) ) ) | |
| JCF HOUSEMENTS MANUFACTURING LLC, et al.; | ) ) ) | |
| Defendants. | ) ) ) | |

## ORDER DENYING JOINT MOTION

Before the Court is the Parties' "Joint Motion For Entry Of Orders (I) Granting Approval of Settlement, (II) Certifying The Class For Purposes Of Settlement Only, (III) Appointing A Class Representative, (IV) Appointing Class Counsel, (V) Directing Notice To the Settlement Class, and (VI) Scheduling a Fairness Hearing" [Doc. 56]. For the below reasons, the Court **DENIES** the Joint Motion.

**I.  Background**

Plaintiffs Sherika Hadley, Tarnell Ewing, Toddrico Bean, Michael Thompson, and Shelvick Nelson initiated this action by filing a Complaint [Doc. 1]. The Complaint includes (1) four counts for violations of the Worker Adjustment and Retraining Notification ("WARN") Act, [*see* Doc. 1 at 26-30], (2) one count for violation of the Fair Labor Standards Act ("FLSA"), [*see id.* at 31], and (3) two counts for breach of contract, [*see id.* at 32-34].[1] Plaintiffs purport to

---

[1] The Complaint also includes two "Counts" for "Piercing the Corporate Veil," but those appear to be theories of liability rather than substantive counts [*See* Doc. 1 at 34-37].

1

bring their claims "on behalf of themselves and all other similarly situated individuals" [*See id.* at 1].

It appears that Plaintiffs and Defendants have reached a tentative global settlement of the allegations in the Complaint [*See* Doc. 56 at 3]. To effectuate that settlement, in the Joint Motion, the Parties ask the Court to "certify a class for settlement purposes only, under Fed. R. Civ. P. 23(a) and (b)(3)" [*Id.* at 4]. The Joint Motion specifically asks the Court to "certif[y]" "three Classes" for "purposes of settlement of this action" [*Id.* at 6]. The "WARN Class" seems to be tied to Plaintiffs' WARN Act claims [*See id.*]. The "Wage Class" appears to be tied to Plaintiffs' breach of contract claims (or at least one of the claims) [*Compare* Doc. 56 at 6 *with* Doc. 1 at 32-33]. And the "Travel Claims Class" appears to relate to Plaintiffs' FLSA claim [*Compare* Doc. 56 at 6 *with* Doc. 1 at 31].

As it relates to class certification under Rule 23, Defendants "consented to class certification" under Rule 23(a) [*See* Doc. 56 at 9]. And the Parties represent that the "Proposed Classes" meet the "requirements of Rule 23(b)(3)" because for both the "WARN Class" and "Wage Class," "the common issues" "predominate[] over any individualized questions" [*Id.* at 14].

The Joint Motion includes a separate section regarding the "Travel Claims Class" [*Id.* at 15]. The Parties argue that Section 216(b) of the FLSA "allows a collective action by employees who are 'similarly situated'" [*Id.*]. They note that Section 216(b)'s similarly-situated standard is different than Rule 23 [*Id.*]. And the Joint Motion argues that the "Travel Claims Class Members claims are similarly situated because they all arise from the Defendants same alleged policy of failing to pay for travel time from the Huntsville, Lebanon, and Franklin locations" [*Id.*].

Then, the Joint Motion asks the Court to preliminarily approve the Parties' proposed Settlement Agreement [Doc. 56-1] [*See* Doc. 56 at 15-22]. And the Joint Motion asks the Court

2

to "Approve the form of the Notice of Settlement" [Doc. 56-2], which would presumably[2] be sent to the members of the "three Classes"[3] that the Parties ask the Court to certify [*See* Doc. 56 at 25-26; *see also* Doc. 56-2]. The Parties also ask the Court to appoint class representatives, appoint class counsel, and schedule a "fairness hearing to consider final approval" of the Settlement Agreement [Doc. 56 at 1, 25-26].

II.     **Analysis**

The Joint Motion, and the resolution thereof, runs head-long into a central issue: class actions under Rule 23 "are fundamentally different from collective actions under the FLSA." *See Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003, 1009 (6th Cir. 2023) (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 74 (2013)). Under Rule 23(e), the Court may approve the settlement of claims of "a class proposed to be certified for purposes of settlement" upon making certain findings. *See* Fed. R. Civ. P. 23(e). Upon making those findings, the Court may provide notice of the proposed settlement to the proposed class. *See id.* at R. 23(e)(1). But the Court may do so only once the "Parties provide the court with information sufficient to enable it to determine" that the Court "will likely be able to," among other things, approve the proposed settlement. *See id.* Even then, the proposed class members have the right to opt out. *See id.* at R. 23(c)(2)(B).

The FLSA works differently. "[A]n FLSA collective action is not representative"— "all plaintiffs in an FLSA action must affirmatively choose to become parties by opting into" the FLSA

---

[2] The Parties "propose" to serve the "Notice of Settlement" on "all Class Members" [*See* Doc. 56 at 8].

[3] At times the Joint Motion is internally inconsistent as it relates to the number of purported classes involved [*Compare* Doc. 56 at 6 (asking the Court to certify "three Classes") *with id.* at 25 (asking the Court to certify "two Classes")].

3

action.  *Clark*, 68 F.4th at 1009 (quotation omitted).  Therefore, the concept of "certification" "has no place in FLSA actions."  *Id.*  This distinction and the fact that the Parties seek approval of and notification of a proposed Settlement Agreement that does not account for this distinction prevents the Court from granting the Parties the relief they request in its current form.

*First*, take the FLSA.  Even if it were necessary for the Court to approve the settlement of an FLSA claim, an issue of debate that the Sixth Circuit has not decided,[4] the plaintiffs in an FLSA action are not set until a preliminary "similarly-situated" determination is made and the "similarly-situated" plaintiffs opt into the action.  *See Clark*, 68 F.4th at 1009 (cleaned up) (providing that potential plaintiffs "become parties" "only after they opt in and the district court determines . . . conclusively—that each of them is . . . 'similarly situated' to the original plaintiffs").  Only once the Court knows which individuals are plaintiffs for purposes of the FLSA claim could the Court assess the fairness of that settlement such that the Court could approve the settlement.  *See, e.g.*, *Highman v. Northstar Cafe Easton, LLC*, No. 2:23-CV-1757, 2025 WL 388709, at *3-4 (S.D. Ohio Feb. 4, 2025).  That has not happened yet here.

*Second*, take the proposed "WARN Class" and "Wage Class" for which the Parties seek certification for purposes of settlement and notification to the proposed Classes.  To provide notice of the proposed settlement to these Classes under Rule 23, the Court must be able to conclude that it is likely to approve the settlement proposal.  *See* Fed. R. Civ. P. 23(e)(1).  But the Parties' Settlement Agreement and Notice contemplate a resolution of both the Class claims and the FLSA claim and does not separate the two [*See* Docs. 56-1, 56-2].  So, the issues with the FLSA claim

---

[4] *But see Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247, 256 (5th Cir. 2012) (no Court approval required); *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (requiring Court approval); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982) (requiring Court approval).

4

infect the Class claims.  And they leave the Court unable to assess whether it would likely approve the settlement of the Class claims.  The Court may not "rewrite" the proposed settlement at this stage, it may "only reject it or grant it preliminary approval." *In re Flint Water Cases*, 499 F. Supp. 3d 399, 409 (E.D. Mich. 2021).  Further, the Joint Motion defines the "WARN Class" in a way that is significantly different than the definition in the proposed Settlement Agreement[5] and Notice of Settlement.[6]  And problems exist with the "Wage Class" definition too.[7]  Left with these choices, it is not appropriate for the Court to certify either Class for purposes of settlement or provide notification to either proposed Class.

What, then, are the Parties who want to settle this entire action efficiently for a modest amount to do [*See* Docs. 56 at 4, 56-1 at 2]?  The Parties might ask the Court to first certify a properly- and consistently-defined (1) "WARN Class" and (2) "Wage Class" for purposes of settlement under Rule 23(a) and (b)(3).  To facilitate notice to any class certified for purposes of settlement, the Parties would need to "provide the court with information sufficient to enable it to determine" that the Court "will likely be able to" approve the settlement proposal as it specifically relates to any certified class.  *See* Fed. R. Civ. P. 23(e)(1).  The Parties would also have to submit a complying notice. *See id.* at R. 23(c)(2).  The Parties might also ask the Court to facilitate notice

---

[5] [*Compare* Doc. 56-1 at 1 (defining the "WARN subclass" to include individuals "terminated from employment with Defendants within 90 days prior to May 17, *2023*") *with* Doc. 56 at 6 (defining the "WARN Class" to include individuals "who were terminated within the ninety (90) days prior to May 17, *2024*) (emphasis added)].

[6] [*Compare* Doc. 56-2 at 2 (defining the "WARN class" to include individuals "who were terminated within the ninety (90) days prior to May 17, *2023*") *with* Doc. 56 at 6 (defining the "WARN Class" to include individuals "who were terminated within the ninety (90) days prior to May 17, *2024*) (emphasis added)].

[7] [*Compare* Doc. 56 at 6 (defining the "Wage Class" to include individuals who "were not paid wages from *May 1, 2024*, forward") *and* Doc. 56-2 at 2 (defining the "Wage Class" to include individuals who "were not paid wages from *May 1, 2024*, forward) *with* Doc. 56-1 at 1 (defining what appears to be the "Wage Class" to include "all employees who were not paid wages from *May 1, 2023 through June 23, 2023*") (emphasis added)].

5

of the FLSA claim upon (1) a showing that certain identified individuals are similarly-situated to the named Plaintiffs under Section 216(b) and (2) submission of an appropriate proposed Notice for those specifically-identified individuals. Only after those putative plaintiffs have opted into the action (or not) could the Court fairly assess the propriety of any settlement of the FLSA claim. This is only the beginning of the path that the Parties might need to walk to settle this entire action in the way they propose. But it would be a start.

If helpful, the Court would also welcome a status conference after the Parties have considered this Order and their previously-proposed filings.[8] The Court's aim, too, is to "expedit[e] disposition of the action," "discourag[e] wasteful pretrial activities," and "facilitat[e] settlement," within the bounds of the law. *See* Fed. R. Civ. P. 16(a).

### III. Conclusion

For the reasons above, the Court **DENIES** the Parties' "Joint Motion For Entry Of Orders (I) Granting Approval of Settlement, (II) Certifying The Class For Purposes Of Settlement Only, (III) Appointing A Class Representative, (IV) Appointing Class Counsel, (V) Directing Notice To the Settlement Class, and (VI) Scheduling a Fairness Hearing" [Doc. 56].

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge

---

[8] The Parties may jointly contact Chambers via email to request a conference.